Ms. Paula Herzmark, Director Department of Local Affairs 1313 Sherman Street Denver, CO 80203
Dear Paula,
You have requested an opinion on the general question of the feasibility of consolidating eight fire protection entities into one countywide district. In your opinion request you also raised the applicability of the Inter-Governmental Agreements Act, C.R.S. 1973, 29-1-101 et seq. to the consolidation of districts.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Whether eight fire protection entities may be consolidated into one countywide district?
 My conclusion is "yes." It is my opinion that the Fire Protection Districts Act of 1949, C.R.S. 1973, 32-5-301 et seq. (Supp. 1978) provides appropriate procedures for consolidation of the districts in question once certain requirements have been met.
2. Whether the Inter-Governmental Agreements Act, C.R.S. 1973,29-1-101 et seq. applies to the consolidation of fire protection districts?
 Assuming that consolidation of appropriate fire protection districts occurs, any consideration of this question is unnecessary at this time.
ANALYSIS
It is my understanding, based upon conversations with Capp Shanks, and with Bruce Baumgarten, Summit County administrator, that the question of consolidation is the one to be addressed at this time. This opinion is based upon the assumption that the fire protection entities are fire protection districts, eligible for consolidation under the provisions of the Fire Protection Districts Act of 1949. Should the eight districts decide upon consolidation as one district, the questions posed in your inquiry as to inter-district agreements would be obviated.
Consolidation of fire districts is provided for and governed by the Fire Protection Districts Act of 1949, C.R.S. 1973, 32-5-301et seq. (Supp. 1978). Fire protection districts must, for purposes of consolidation, have boundaries identical in part, or be so situated physically that they can be operated effectively and economically as a single district. C.R.S. 1973, 32-5-335 states that a petition for such consolidation may be signed by all the respective boards of directors desiring such consolidation, or by not less than fifty taxpaying electors in each of the districts desiring to consolidate. The procedure for consolidation is the same as the procedure for organization of the district, as set forth in C.R.S. 1973, 32-5-301 to 32-5-309. Further, C.R.S. 1973, 32-5-336 specifically addressed the question of property and indebtedness of a consolidated district.
SUMMARY
It is therefore my conclusion that as to any consolidation of fire protection districts, the special provisions outlined in C.R.S. 1973, 32-5-335 are controlling.
I hope this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
FIRE DEPARTMENTS CONSOLIDATION SPECIAL DISTRICTS
C.R.S. 1973, 29-1-101
C.R.S. 1973, 32-5-301, et seq.
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
Fire protection districts may be consolidated only under the provisions of C.R.S. 1973, 32-5-335.